IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JESUS DELGADO, an individual, and ABEL DELGADO SALGADO, an individual a/k/a ADEL DELGADO, <br><br> Plaintiffs, <br><br> v. <br><br> HASH FOODS, INC., an Illinois corporation d/b/a HASH RESTAURANT, MAGGIE MCCOY, an individual, and MARK SUTHERLAND, an individual, <br><br> Defendants. | Case No. 1:20-cv-5774 |

## COMPLAINT

The Plaintiffs, Jesus Delgado and Abel Delgado Salgado, by and through their attorney, Timothy M. Nolan of the Nolan Law Office, complain against Defendants, Hash Foods, Inc., an Illinois corporation d/b/a Hash Restaurant, Maggie McCoy and Mark Sutherland (collectively, the "Defendants"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, for Defendants' failure to pay Plaintiffs overtime compensation for hours worked over forty (40) in a workweek. Plaintiffs are former cooks, food preparers, and dishwashers at Defendants' Hash Restaurant.

**JURISDICTION AND VENUE**

1

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' state law and municipal ordinance claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

**THE PARTIES**

4. Plaintiff Jesus Delgado ("Delgado") is a former employee of the Defendants' Hash Restaurant located at 1357 N. Western Avenue in Chicago, Illinois. Plaintiff Delgado worked as a cook, food preparer and dishwasher at Defendants' restaurant from approximately August, 2013 through March 20, 2020.

5. Plaintiff Abel Delgado Salgado ("Salgado") is also a former employee of the Defendants' Hash Restaurant. Plaintiff Delgado worked as a cook, food preparer and dishwasher at Defendants' restaurant from approximately April, 2013 through March 20, 2020.

6. During the course of their employment, Plaintiffs regularly used and handled goods and materials, including perishable food and food products, cleaning products, and tools which moved in interstate commerce prior to being used or purchased in Illinois.

7. Plaintiffs reside in and are domiciled in this judicial district.

8. Defendant Hash Foods, Inc. does business as the Hash Restaurant on North Western Avenue in Chicago, Illinois and is engaged in selling and serving prepared food and beverages to customers for consumption on and off its premises.

9. Upon information and belief, Defendant Hash Foods, Inc. has earned more than $500,000.00 in annual gross revenue during 2017, 2018, 2019 and 2020.

10. Defendant Hash Foods, Inc. is registered in Illinois as a corporation and its officers, registered agent and principal office are located within this judicial district.

11. Defendant Maggie McCoy ("McCoy") is a former owner of the Hash Restaurant and served as its manager from 2013 through 2019.

12. Defendant Mark Sutherland ("Sutherland") is an owner of the Hash Restaurant and served as its manager from 2013 to the present.

13. At all times relevant to this action, Defendants McCoy and Sutherland possessed extensive oversight over the Hash Restaurant and its business operations. Defendants McCoy and Sutherland were the ultimate decision-makers with respect to Defendants' payroll and wage and hour practices; they possessed the authority to hire and fire Defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

14. Upon information and belief, Defendants McCoy and Sutherland reside in and are domiciled within this District.

**COMMON ALLEGATIONS**

15. During the period from September, 2017 through March 20, 2020, Plaintiff Delgado regularly worked at Defendants' Hash Restaurant six (6) days a week including Monday, and Wednesday through Friday, from 7:30 a.m. to at least 4:30 p.m.; and Saturday and Sunday from 7:00 a.m. to 5:00 p.m. Plaintiff Delgado typically did not work on Tuesday.

16. Based on his schedule, Plaintiff Delgado regularly worked at least fifty-six (56) hours in individual workweeks from September, 2017 through March 20, 2020.

17. Defendants paid Plaintiff Delgado on an hourly basis at the rate of $14.00 per hour during the years 2017 through 2019, and $15.00 per hour in 2020.

3

18. During the period from September, 2017 through March 20, 2020, Plaintiff Salgado regularly worked at Defendants' Hash Restaurant five (5) days a week including Wednesday through Friday from 7:30 a.m. to at least 4:30 p.m.; and Saturday and Sunday from 7:00 a.m. to 5:00 p.m. Plaintiff Salgado typically did not work on Monday or Tuesday.

19. Based on his schedule, Plaintiff Salgado regularly worked at least forty-seven (47) hours in individual workweeks from September, 2017 through March 20, 2020.

20. Defendants paid Plaintiff Salgado on an hourly basis at the rate of $14.00 per hour.

21. Defendants did not compensate Plaintiffs at one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in individual workweeks.

22. Defendants never paid Plaintiffs an overtime premium when they worked more than 40 hours in a workweek.

23. In order to conceal their failure to pay overtime compensation, Defendants imposed a dual wage payment scheme whereby Defendants paid Plaintiffs with a payroll check for only a portion of their hours, typically forty (40) hours or less per week, and paid the remainder of Plaintiffs' hours in unreported cash.

24. Defendants paid Plaintiffs' overtime compensable hours at their straight-time rate of pay.

25. In violation of the statutes and implementing regulations of the FLSA, IMWL and CMWO, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiffs.

## COUNT I
## Violation of the Fair Labor Standard Act- Overtime Wages

26. Plaintiffs hereby incorporate paragraphs 1 through 25 as though stated herein.

4

27. Throughout their employment with Defendants, Plaintiffs were each an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

28. Plaintiffs were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

29. Throughout Plaintiffs' employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

30. Defendant Hash Foods, Inc. is an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203 (a)(1), and operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 § 203(s)(1)(a).

31. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs worked more than forty (40) hours, Defendants were obligated to pay them at a rate of one and one-half times their regular hourly rate of pay for all hours worked over forty (40) in a workweek.

32. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

33. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiffs' overtime wages was willful and not in good faith. Defendants at all times failed to pay overtime compensation even though Plaintiffs were scheduled to work and regularly did work more than forty (40) hours in a workweek. In a further attempt to conceal their overtime violations, Defendants paid for only a portion of Plaintiffs' hours by check, typically forty (40) hours or less per week, and paid the remainder of Plaintiffs' hours including Plaintiffs' overtime compensable hours "under the table" in cash. On information and belief, Defendants' cash wage payments to Plaintiffs were not reported to federal and state tax and revenue agencies.

5

Additionally, Defendants failed to record the number of hours worked by Plaintiffs, and otherwise violated the Act's record keeping regulations.

**WHEREFORE**, the Plaintiffs, Jesus Delgado and Abel Delgado Salgado, pray for a judgment against Defendants, Hash Foods, Inc. d/b/a Hash Restaurant, Maggie McCoy and Mark Sutherland, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rate of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Illinois Minimum Wage Law – Overtime Wages

34. Plaintiffs hereby incorporate paragraphs 1 through 25 as though stated herein.

35. Throughout their employment with Defendants, Plaintiffs were each an "employee" under the IMWL, 820 ILCS § 105/3(d).

36. Plaintiffs were not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

37. Throughout Plaintiffs' employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

38. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiffs worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

39. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiffs, Jesus Delgado and Abel Delgado Salgado, pray for a judgment against Defendants, Hash Foods, Inc. d/b/a Hash Restaurant, Maggie McCoy and Mark Sutherland, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rate of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B. Statutory damages in the amount of three times the amount of unpaid overtime;

C. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments through February, 2019 and five percent (5%) thereafter;

D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

E. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Chicago Minimum Wage Ordinance – Overtime Wages

40. Plaintiffs hereby incorporate paragraphs 1 through 25 as though stated herein.

41. Plaintiffs were each an "employee" under the CMWO § 1-24-10 of the Municipal Code of Chicago and were not exempt from the overtime wage provisions of the CMWO § 1-24-050.

42. Defendants were each an "employer" as defined in the CMWO § 1-24-10.

43. Under § 1-24-040, for all weeks during which Plaintiffs worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

7

44. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the CMWO § 1-24-040.

**WHEREFORE**, the Plaintiffs, Jesus Delgado and Abel Delgado Salgado, pray for a judgment against Defendants, Hash Foods, Inc. d/b/a Hash Restaurant, Maggie McCoy and Mark Sutherland, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rate of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B. Statutory interest damages in the amount of three times the amount of unpaid overtime;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

Dated: September 28, 2020

Respectfully submitted,

Jesus Delgado and
Abel Delgado Salgado,
Plaintiffs

/s/ Timothy M. Nolan
_____
Attorney for the Plaintiffs

Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
tnolan@nolanwagelaw.com